IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN VICENCIO, #28334-177 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv625 |
| | § | CRIMINAL ACTION NO. 4:13cr92(3) |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Juan Vicencio filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### I.  BACKGROUND

A grand jury sitting in the Eastern District of Texas returned an Indictment against Movant and six co-defendants on April 11, 2013. All defendants were charged in Count One with conspiracy to distribute and possess with the intent to distribute methamphetamine. Crim. ECF (Dkt. #1). Count Six also charged Movant with possession with intent to distribute methamphetamine. *Id*. On June 13, 2013, a nineteen-count Superseding Indictment[1] was filed, which added seven defendants and eight counts as to those defendants. Crim. ECF (Dkt. #62). On May 29, 2014, a one-count Information was filed that charged Movant with possession with intent

---

[1] In the Superseding Indictment, the dates of the conspiracy charged in Count One were extended to include the date of the Superseding Indictment. Crim. ECF (Dkt. #62). No other changes were made as to Movant in Count One, but Count Six from the original Indictment was changed to Count Thirteen. *Id*.

to distribute methamphetamine. Crim. ECF (Dkt. #313).

On June 9, 2014, Movant signed a Waiver of Indictment. Crim. ECF (Dkt. #328). He then pled guilty to the Information charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)( C) pursuant to a written plea agreement. Crim. ECF (Dkt. 331). On December 22, 2014, the District Court's sentence of 135 months was docketed. Crim. ECF (Dkt. #467). Movant did not file a direct appeal, but filed the instant § 2255 motion, arguing he is entitled to relief based on a lack of jurisdiction because his Indictment was based on an improper grand jury. (Dkt. #1). The Government filed a response, asserting Movant is entitled to no relief. (Dkt. #16). Movant did not file a reply.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### III. DISCUSSION

It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Lopez*, 148 F.3d 427, 433 (5th Cir. 2001); *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well-settled that a collateral challenge may not take the place of a direct appeal. *Shaid*, 937 F.2d at 231. Accordingly, if Movant raised, or could have raised, constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232.

Movant claims that the Court lacked jurisdiction to impose his sentence because the grand jury's time had expired before it issued his Indictment. (Dkt. #5). Movant could have raised this issue on direct appeal, but did not. He fails to show cause for his procedural default and actual prejudice resulting from the error, or that he is actually innocent. *Id.* Accordingly, the issue is procedurally barred.

Even if it was not procedurally barred, the record shows that Movant pled guilty to the Information, which was filed on June 9, 2014. Crim. ECF (Dkt. #313). The Court acknowledges there were two dates in which an improper grand jury issued Indictments – April, 2011, and April, 2013. Movant was not convicted, however, based on either the original Indictment or the

3

Superseding Indictment. Instead, he pled guilty to Count One of the Information. Crim. ECF (Dkt. #331). Because the grand jury played no part in the Information, Movant is also not entitled to relief on this basis.

Finally, when Movant pled guilty to the Information, he pled guilty pursuant to a written plea agreement. That agreement contains a waiver of appeal in which he waived filing a § 2255 motion except for a punishment exceeding the statutory maximum or ineffective assistance of counsel affecting the validity of the waiver or plea itself. Crim. ECF (Dkt. #331). Movant does not claim his sentence exceeded the statutory maximum or that ineffective assistance of counsel affected the validity of the plea or waiver itself. For this additional reason, his claim is barred from collateral review. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Movant's § 2255 motion provides no basis for relief, and the motion should be denied.

## IV.  CERTIFICATE OF APPEALABILITY

A movant may not file an appeal with the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## V. RECOMMENDATION

It is recommended the § 2255 motion be denied and dismissed with prejudice. It is further recommended a certificate of appealability be denied. Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 18th day of May, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE